UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ERIC SINKS, | ) |
|     Petitioner, | ) |
| | )   No. 2:19-cv-63 |
| v. | )   Judge Greer |
| | ) |
| UNITED STATES OF AMERICA, | ) |
|     Respondent. | ) |

### RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FILED PURSUANT TO 28 U.S.C. § 2255

The United States of America hereby responds in opposition to petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner has not established any basis upon which relief may be granted, so his motion should be denied.

### FACTUAL AND PROCEDURAL HISTORY

Between January 2015 and June 2016, petitioner conspired with others to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). (*See generally* Doc. 74, Plea Agreement.[1]) In 2017, he pleaded guilty to that offense, admitting he was personally responsible for distributing at least 150 grams of actual methamphetamine. (*Id*. at 1, 4.) As part of his plea agreement, petitioner also agreed not to "file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack [his] conviction(s) or sentence, with two exceptions: [he] retain[ed] the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel." (*Id.* at 7.)

The probation office prepared a presentence report, calculating petitioner's base offense level as 32, based on the stipulated drug quantity in his plea agreement, and applying a two-level

---

[1] Unless otherwise noted, citations refer to the underlying criminal case, No. 2:16-cr-104.

enhancement for possessing a firearm. (Doc. 125, (Sealed) Presentence Report.) Petitioner's counsel objected to the application of the firearms enhancement and the absence of an acceptance-of-responsibility reduction. (*See* Doc. 202, Hr'g Tr. at 13-14; Doc. 222, Hr'g Tr. at 87.) Petitioner then personally wrote to the Court, requesting new counsel and alleging a breakdown in communication. (Doc. 173, Letter; *see also* Doc. 222, Hr'g Tr. at 85.) When the Court conducted a hearing on that motion, petitioner said he needed new counsel because he was "planning on fighting this gun charge" (and "not planning on withdrawing [his] plea"); the Court clarified that petitioner was referencing the firearms enhancement. (Doc. 202, Hr'g Tr. at 4-6; *see also* Doc. 222, Hr'g Tr. at 86-89.) After hearing from petitioner and his counsel, the Court found "absolutely nothing ineffective" about counsel's representation of petitioner. (Doc. 202, Hr'g Tr. at 14; *accord id*. at 18 ("I don't see anything that [counsel has] done wrong here").) The Court emphasized that petitioner "seem[ed] to think that another lawyer [could] do things differently and achieve a different result," which was "not likely," but that petitioner had put counsel "in a very difficult position as far as continuing to represent him." (*Id*. at 16.) In the end, the Court found that the relationship between petitioner and counsel had broken down—because of petitioner's conduct, not counsel's conduct—and thus granted petitioner's request for new counsel. (*Id*.)

Petitioner then sought to withdraw his guilty plea, asserting that, notwithstanding his earlier sworn admissions, he was only responsible for a drug quantity of less than 50 grams. (Doc. 222, Hr'g Tr. at 22, 26, 105.) Petitioner claimed he had signed an inaccurate plea agreement and then lied under oath when pleading guilty because counsel allegedly told him that it was a "take-it-or-leave-it" plea agreement, that if he pleaded guilty he would be sentenced to 87 months' imprisonment, but would otherwise spend "life in prison." (*Id*. at 14-18, 62-63,

78-84, 90-92, 95-98, 107.) When questioned, petitioner admitted that the factual basis in the plea agreement had been modified in other respects at his request, that the plea agreement never promised an 87-month sentence, and that, after being advised by the Court during the plea colloquy that he could receive any sentence up to life imprisonment, he had said he wanted to plead guilty because he was, in fact, guilty. (*Id*. at 11-14, 21, 23.) The Court also reminded petitioner that, during his previous hearing, he had denied any desire to withdraw from the guilty plea. (*Id*. at 87 (referencing Doc. 202, Hr'g Tr. at 4-6).) Before the Court ruled on petitioner's motion to withdraw his guilty plea, petitioner withdrew the motion. (Doc. 223, Motion.)

The Court found that petitioner's drug quantity yielded a base offense level of 32, which was enhanced by two levels for obstructing justice. (Doc. 125, (Sealed) Presentence Report at ¶ 22; Doc. 228, (Sealed) Statement of Reasons at 1.) Given petitioner's criminal history category of IV, the resulting Guidelines range was 210 to 262 months' imprisonment. (Doc. 228, (Sealed) Statement of Reasons at 1.) The Court sentenced petitioner to 190 months' imprisonment, below the applicable Guidelines range. (Doc. 227, Judgment; Doc. 228, (Sealed), Statement of Reasons.) Petitioner did not appeal.

Instead, petitioner filed a timely § 2255 motion. (Doc. 250, § 2255 Motion; Doc. 251, Memorandum in Support.) The United States now responds, as ordered by the Court. (Case No. 2:19-cv-63, Doc. 4, Order.)

## STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief, a petitioner must establish (1) an error of constitutional magnitude; (2) a sentence outside the statutory limits; or (3) an error of fact or law so fundamental as to render the entire

3
Case 2:19-cv-00063-JRG-MCLC   Document 5   Filed 05/24/19   Page 3 of 9   PageID #: 52

proceedings invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). He "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). Second, petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). Because a petitioner "must satisfy *both* prongs [of *Strickland* to obtain relief], the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*) (emphasis in original); *accord Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

# DISCUSSION

Petitioner's § 2255 motion alleges that counsel was constitutionally ineffective in several respects—specifically, for not adequately communicating the risks and advantages of pleadings guilty as opposed to proceeding to trial, for not investigating further, and for not negotiating a more favorable plea agreement. (Doc. 250, § 2255 Motion at 4.) His supporting memorandum identifies further examples of purported misconduct, claiming that plea counsel "did nothing but push [petitioner] to plead guilty" and that sentencing counsel failed to advise him "that he could appeal his case." (Doc. 251, Memorandum in Support at 15, 31.) But petitioner has not satisfied *Strickland*'s two-part test with regard to any of his claims.

1. <u>Petitioner has not established any ineffectiveness by counsel affecting his plea.</u>

Petitioner claims that counsel did not properly advise him about whether to plead guilty or proceed to trial, but instead pressured him into pleading guilty by investigating too little, misrepresenting petitioner's likely sentence, and failing to secure a more favorable plea agreement. Petitioner suggests that, had counsel investigated further, counsel would have concluded that petitioner never had more than 50 grams of methamphetamine and may have only had a "buyer/seller arrangement" with Bailey. (Doc. 251, Memorandum in Support at 21.) Yet petitioner's recitation of the facts conveniently ignores the text messages from his own phone establishing his role in distributing sizable quantities of methamphetamine. And petitioner has not indicated whether he ever told counsel of the matters he now claims counsel should have investigated. "[T]he duty to investigate does not force defense lawyers to scour the globe on the off chance that something will turn up," *Rompilla v. Beard*, 545 U.S. 374, 382-83 (2005), and "an attorney does not provide deficient counsel by making investigative decisions based, quite properly, on information supplied by the defendant." *Cope v. United States*, 385 F. App'x 531, 533-34 (6th Cir. 2010). After all, petitioner had superior knowledge about his own conduct.

During the plea colloquy, petitioner stated under oath that he had adequate time to discuss the charges and the plea agreement with counsel, that he believed counsel was aware of all the relevant facts, and that he was satisfied with counsel's representation. (Doc. 221, Plea Tr. at 5, 7.) When petitioner disputed part of the factual basis, the United States modified it as requested by petitioner, and petitioner thereafter agreed that the facts were "true" and "correct." (*Id*. at 15-17.) Petitioner is bound by his sworn statements during a plea colloquy, *e.g.*, *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986), and his plea "serves as an admission that he is not innocent." *United States v. Rennick*, 219 F. App'x 486, 489 (6th Cir. 2007) (quotation omitted).

Petitioner claims that counsel said he would likely "spend the rest of [his] life in prison" if convicted at trial (Doc. 251, Memorandum in Support at 16), but petitioner ignores the fact that a defendant convicted at trial does ordinarily receive a longer sentence than a defendant who, as here, pleads guilty under a plea agreement that dismisses one or more charges. As this Court previously recognized,

> Mr. Fairchild would have been inadequate as a lawyer, as would any other lawyer, if they had not advised you that the deal offered by the government was likely a good deal because you were likely to be convicted at trial because if you went to trial and were convicted, your guideline range would be so high that if the judge sentenced within that range, it would be a life term of imprisonment.

(Doc. 222, Hr'g Tr. at 129.) Counsel, too, confirmed that he provided advice to petitioner but had "not forced him to sign a plea." (Doc. 202, Hr'g Tr. at 10.) Rather, petitioner himself "chose that route." (*Id*.) "The decision to plead guilty – first, last, and always – rests with the defendant," *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003), and this Court's thorough plea colloquy ensured that petitioner was aware of the rights he was waiving by pleading guilty and that he was doing so because he was, in fact, guilty. (*E.g.*, Doc. 221, Plea Tr. at 18.)

As for petitioner's assertion that counsel should have secured a more favorable plea agreement that capped his sentencing exposure or guaranteed a particular sentence under Rule 11(c)(1)(C), the law is clear that a criminal defendant has "no constitutional right to plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). The United States is not required to acquiesce to a defendant's request for a particular sentence, and neither petitioner nor his attorney could have compelled the United States to have accepted an agreement that petitioner would have deemed more favorable. On that basis alone, petitioner cannot prove any ineffectiveness by counsel for not seeking a more favorable plea agreement.

Finally, to the extent that petitioner complains that counsel allegedly misrepresented his likely sentence (*e.g.*, Doc. 251, Memorandum in Support at 25), the record is clear that petitioner acknowledged, when pleading guilty, that he had not been promised a particular sentence and that, knowing the statutorily authorized range of applicable penalties, he nonetheless wanted to plead guilty because he was, in fact, guilty. (Doc. 221, Plea Tr. at 10-11, 18-20.)

2.   <u>Petitioner has not established any ineffectiveness by counsel with regard to his alleged right to appeal.</u>

Petitioner asserts that counsel "did not say anything to [him] about a direct appeal," and that, had counsel told him that "he could appeal his case," petitioner "could have" asked him to file a notice of appeal on his behalf. (Doc. 251, Memorandum in Support at 31.) Yet petitioner had waived his right to appeal, except under limited circumstances not present here, so counsel had no obligation to specifically advise petitioner about a nonexistent right to appeal.

The Supreme Court has held that "counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (*e.g.*, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in

7

appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Because petitioner's conviction stemmed from his own admission of guilt during the plea colloquy, and because petitioner's sentence was below the Guidelines range calculated by the court, counsel would have had no basis to even suspect that petitioner would have wanted to appeal, unless petitioner had specifically told counsel to file an appeal on his behalf.

It is true that "a lawyer who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable," *Regalado v. United States*, 334 F.3d 520, 524-25 (6th Cir. 2003), and that, where counsel fails to file an appeal after being expressly instructed to do so, a defendant is ordinarily entitled to a delayed direct appeal, regardless of whether such an appeal would be meritorious, *Flores-Ortega*, 528 U.S. at 477. But the Sixth Amendment right to counsel is "only implicated when a defendant actually requests an appeal, and . . . counsel disregards the request." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *accord Regalado*, 334 F.3d at 525 (reiterating that a defendant must show that he "specifically instruct[ed]" counsel to file an appeal). Here, petitioner's motion makes clear that he never instructed counsel to file a notice of appeal on his behalf. Petitioner has thus failed to establish any ineffectiveness by counsel.

## CONCLUSION

For the foregoing reasons, petitioner's § 2255 motion should be denied.

Respectfully submitted,

J. Douglas Overbey
United States Attorney

By:  *s/ J. Christian Lampe*
J. Christian Lampe
Assistant United States Attorney

8

**CERTIFICATE OF SERVICE**

I certify that on May 24, 2019, this response was filed electronically and a true copy was sent to petitioner by regular United States mail, postage prepaid, addressed as follows:

>Eric Sinks
>Reg. No. 51794-074
>F.C.I. Manchester
>P.O. Box 4000
>Manchester, KY  40962

>_s/ J. Christian Lampe_
>J. Christian Lampe
>Assistant United States Attorney