UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ERIC SINKS,                          )
                                     )
        Petitioner,                  )
                                     )
v.                                   )   No. 2:19-CV-00063-JRG-CRW
                                     )
UNITED STATES OF AMERICA,            )
                                     )
        Respondent.                  )

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner Eric Sinks' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Doc. 1], Mr. Sinks' Memorandum of Law [Doc. 2], the United States' Response in Opposition [Doc. 5], and Mr. Sinks' Reply [Doc. 9]. For the reasons herein, the Court will deny Mr. Sinks' motion.

## I. BACKGROUND

In 2017, Mr. Sinks pleaded guilty to conspiring to distribute and possess with the intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). [Plea Agreement, Doc. 74, at 1, 2:16-CR-00104-2-JRG; Minute Entry, Doc. 89, 2:16-CR-00104-2-JRG]. At sentencing, his total offense level and criminal history category were 34 and IV, respectively. [PSR, Doc. 125, ¶ 80, 2:16-CR-00104-2-JRG; Statement of Reasons, Doc. 228, at 1, 2:16-CR-00104-2-JRG]. Under § 841(b)(1)(A), he was subject to a mandatory minimum sentence of 120 months' imprisonment, and his guidelines range was 210 months to 262 months. [PSR ¶ 80; Statement of Reasons at 1]. Mr. Sinks, however, moved for a variance, and the Court granted his motion, varied downward after concluding that his total offense level overstated his criminal conduct, and sentenced him to a below-guidelines-range sentence of 190

months' imprisonment. [Statement of Reasons at 3–4; J., Doc. 227, at 2, 2:16-CR-00104-2-JRG].

Mr. Sinks has now filed a timely motion under 28 U.S.C. § 2255, in which he claims that his attorney rendered ineffective assistance of counsel. The United States opposes his motion. Having carefully considered Mr. Sinks' claims and the parties' arguments, the Court is now prepared to rule on them.

## II. STANDARD OF REVIEW

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). To warrant relief for a denial or infringement of a constitutional right, a petitioner has to establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To warrant relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 354 (1994); *see Grant v. United States*, 72 F. 3d 503, 505–06 (6th Cir. 1996).

In sum, "[a] prisoner seeking relief under § 2255 'must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an

2
Case 2:19-cv-00063-JRG-CRW   Document 12   Filed 09/28/22   Page 2 of 10   PageID #: 80

error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quotation omitted). In support of one of these three bases for relief, a petitioner's allegations must consist of sufficient facts showing he is entitled to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972). "Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2003) (quotation and citation omitted). And similarly, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to doc.no relief," he will not receive an evidentiary hearing. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *see Pough*, 442 F.3d at 964. The standard that governs collateral review under § 2255, as opposed to direct review on appeal, is significantly higher. *United States v. Frady*, 456 U.S. 152, 162–66 (1982); *see Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (quoting *Reed*, 512 U.S. at 354)). This is so because "[t]he reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system." *Addonizio*, 442 U.S. at 184 (footnote omitted); *see Custis v. United States*, 511 U.S. 485, 497 (1994) ("'[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." (quotation omitted)); *Parke v. Raley*, 506 U.S. 20, 29 (1992) (referring

3

to a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments" (quotation omitted)).

### III. ANALYSIS

Mr. Sinks raises multiple claims of ineffective assistance of counsel. First, he contends that his attorney was ineffective because he did not inform him of the consequences of pleading guilty and "push[ed] [him] to plead guilty." [Pet'r's Mem. at 13, 14]. Second, he argues that his attorney was ineffective because he did not investigate the facts comprising his plea agreement's factual basis. [*Id.* at 17–22]. Third, he maintains that his attorney was ineffective because he did not negotiate a favorable plea agreement. [*Id.* at 22–28]. And fourth, he claims that his attorney was ineffective because he failed to file a notice of appeal. [*Id.* at 29–31]. In response, the United States asserts that Mr. Sinks' guilty plea forecloses his first three claims, and it argues that Mr. Sinks' fourth claim fails because he does not allege he instructed his attorney to file an appeal on his behalf. [United States' Resp. at 6–8].

#### A. Ineffective Assistance of Counsel

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." This right is the right not merely to representation but to *effective* representation. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). When a petitioner contests his sentence by raising the specter of ineffective assistance of counsel, he normally can succeed only by satisfying the familiar *Strickland* test, a two-pronged test that requires a showing of deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). To establish deficient performance, a petitioner must show that his counsel, through the prism of an objective standard of reasonableness, "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment. *Id.* at

4

687. And to establish prejudice, a petitioner must demonstrate that his counsel's deficient performance was so serious that it deprived him of his fundamental right to due process, *id.*, or in other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.[1] A court has license to address the two prongs of the bipartite test in any order, and if a petitioner fails to establish either prong of this test, his claim of ineffective assistance of counsel fails. *Id.* at 697.

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) (citations omitted). Indeed, "[c]ounsel's performance is strongly presumed to be effective." *Jones v. Bell*, 801 F.3d 556, 562 (6th Cir. 2015) (quotation omitted); *see Thelen v. United States*, 131 F. App'x 61, 63 (6th Cir. 2005) ("A deferential standard of review applies to ineffective assistance claims. A defendant must show that counsel's representation was so 'thoroughly ineffective that defeat was 'snatched from the jaws of victory.''" (quoting *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996))); *see also Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." (citation omitted)). Even if a particular aspect of counsel's performance proves to be deficient, that deficiency "does not warrant setting aside the judgment of a criminal proceeding" unless it has a prejudicial effect on the judgment. *Strickland*, 466 U.S. at 691 (citation omitted).

---

[1] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

1. Mr. Sinks' First Three Claims

*Strickland*'s two-pronged test applies to challenges of guilty pleas based on a claim of ineffective assistance of counsel, *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), though to establish the second prong of prejudice in the context of a guilty plea, a petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *id.* at 59 (footnote omitted). Oftentimes, however, federal courts reject claims of ineffective assistance of counsel related to a defendant's guilty plea when that guilty plea is knowing and voluntary. *See, e.g.*, *Winans v. United States*, No. 17-1535, 2017 WL 8315838, at *3 (6th Cir. Oct. 20, 2017) ("This ineffective-assistance claim, similar to the preceding ineffective-assistance claim, is foreclosed by [the petitioner's] knowing and voluntary guilty plea[.]"). Indeed, the general rule is that "a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008).

Although Mr. Sinks claims that his guilty plea was unknowing and involuntary because his attorney "persuaded [him] to plead guilty" and he "acquiesced to [his] advise [sic]," [Pet'r's Mem. at 19, 22], the record establishes that his guilty plea was knowing and voluntary. While under oath, Mr. Sinks avowed during his plea colloquy that he had read his plea agreement, that it was true and correct, that he had consulted with his attorney and acquired an understanding of the proceedings and the case against him, and that he was pleading guilty because he was in fact guilty. And, importantly, he also stated that no one had put any pressure on him mentally or physically to force him to plead guilty. The Court therefore found that he had knowingly and voluntarily offered to plead guilty.

6

Mr. Sinks' "[s]olemn declarations in open court carry a strong presumption of verity," and his declarations, as well as the Court's findings, "constitute a formidable barrier in any subsequent collateral proceeding." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), *see Marks v. Davis*, 504 F. App'x 383, 386 (6th Cir. 2012) (acknowledging "the plea transcript itself carries great weight" (citing *id.*)); *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure [during a plea colloquy], 'the defendant is bound by his statements in response to that court's inquiry.'" (quotation omitted)). In fact, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck*, 441 U.S. 780, 784 (1979).

So when a petitioner, like Mr. Sinks, later tries to double back on sworn statements that he made in open court, he generally cannot succeed on a claim of ineffective assistance of counsel. *See Winans*, 2017 WL 8315838 at *3 ("This ineffective-assistance claim, similar to the preceding ineffective-assistance claim, is foreclosed by [petitioner's] knowing and voluntary guilty plea[.]"); *Brittian v. United States*, Nos. 1:08–cv–169, 1:04–cr–150, 2011 WL 1768864, at *9 (E.D. Tenn. May 9, 2011) ("[The petitioner's] plea was knowing and voluntary and his ineffective assistance of counsel claim regarding his plea fails."); *Cordell v. United States*, Nos. 4:05-cv-47, 4:00-cr-13-01, 2008 WL 4568076, at *9 (E.D. Tenn. Oct. 14, 2008) ("[T]he ineffective assistance of counsel claim fails because [petitioner's plea was] knowing and voluntary[.]"); *see also Villa-Rodriguez v. United States*, No. 2:15-cv-02690, 2016 WL 6277861, at *4, 6 (S.D. Ohio Oct. 27, 2016) ("Petitioner asserts that his trial attorney performed in a constitutionally ineffective manner because he failed to advise him that the government lacked a factual basis for his guilty plea . . . . The record belies this assertion. . . . Based on this record, Petitioner will not now be heard to deny the facts to which he once agreed under oath."); *Dallas*

7

*v. United States*, Civ. No. 12-15495, Crim. No. 10-20488, 2013 WL 3448249, at *4 (E.D. Mich. July 9, 2013) ("Petitioner's ineffective assistance claim must fail because his attorney's assistance regarding his plea . . . is not objectively unreasonable given the evidentiary basis for his guilty plea."); *Harrison v. Bauman*, No. 2:10–cv–188, 2012 WL 3206044, at *2 (W.D. Mich. Aug. 7, 2012) ("The Sixth Amendment claim of ineffective assistance of counsel is properly denied. [The petitioner] entered a knowing and voluntary plea of guilty[.]").

Because the record shows that Mr. Sinks' guilty plea was knowing and voluntary, and because he provides the Court with no viable basis to conclude otherwise, he cannot now seek to vacate his conviction by claiming that events prior to his guilty plea were blighted with the specter of unconstitutional conduct. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that [may have] occurred prior to the entry of the guilty plea."). His first three claims of ineffective assistance of counsel—all of which involve alleged misconduct that arose before his guilty plea—therefore are without merit.

2. Mr. Sinks' Fourth Claim

Next, Mr. Sinks alleges that his attorney was ineffective because he did not file an appeal. [Pet'r's Mem. at 29–31]. When an attorney fails to follow a client's directive to file an appeal, his performance, as a matter of course, is deficient under an objective standard of reasonableness, and it creates a presumption that the client has suffered prejudice. *See Deitz v. Money*, 391 F.3d 804, 810 (6th Cir. 2004) ("[T]he failure of [the petitioner's] attorneys to file a timely appeal on his behalf, despite his purported request that they do so, would fall below an objective standard of

reasonableness." (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000))), *abrogated on other grounds by Stone v. Moore*, 644 F.3d 342 (6th Cir. 2011); *see also Garza v. Idaho*, 139 S. Ct. 738, 747 (2019) ("[P]rejudice is presumed 'when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken.'" (quoting *Flores-Ortega*, 528 U.S. at 484)). In sum, "so long as [Mr. Sinks] can show that 'counsel's constitutionally deficient performance deprive[d] him of an appeal that he otherwise would have taken,'" this Court "[is] to 'presum[e] prejudice with no further showing from [Mr. Sinks] of the merits of his underlying claim[].'" *Garza*, 139 S. Ct. at 747 (quoting *Flores- Ortega*, 528 U.S. at 484)).

      Mr. Sinks' claim, however, does not resonate as one in which his attorney failed to heed an instruction to file an appeal on his behalf. Instead, Mr. Sinks faults his attorney for "not say[ing] anything to [him] about a direct appeal after sentencing." [Pet'r's Mem. at 31]. But an attorney has a constitutional duty to broach the subject of an appeal with his client "only when there is reason to think either (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000); *see United States v. Dubrule*, 822 F.3d 866, 881 (6th Cir. 2016) (recognizing that deficient performance requires "sufficient indicia of incompetence to give objectively reasonable counsel reason to doubt the defendant's competency" (quotation omitted). Mr. Sinks fails to allege facts supporting either of these two scenarios. He alleges only that his attorney failed to "advise him about a direct appeal after sentencing," but this allegation cannot, without more, establish deficient performance. *Flores-Ortega*, 528 U.S. at 480. Mr. Sinks therefore fails to show that he is entitled to the extraordinary remedy of § 2255 relief.

9

Case 2:19-cv-00063-JRG-CRW Document 12 Filed 09/28/22 Page 9 of 10 PageID #: 87

### B. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability, which is necessary for Mr. Sinks to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing when a court has rejected a petitioner's constitutional claims on the merits, that petitioner must demonstrate that reasonable jurists would find the court's assessment of those claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having addressed the merits of Mr. Sinks' claims, the Court does not conclude that reasonable jurists would find that its rejection of his claims is debatable or wrong. The Court will therefore decline to issue a certificate of appealability to Mr. Sinks.

### IV. CONCLUSION

As the petitioner under § 2255, Mr. Sinks fails to satisfy his burden of establishing that his conviction and sentence were in violation of the Constitution, or that a fundamental defect resulted in a complete miscarriage of justice or an egregious error. His § 2255 motion [Doc. 1] is therefore **DENIED**, and his request to seal this case [Doc. 11] is likewise **DENIED**.[2] This case is hereby **DISMISSED with prejudice**. The Court will enter an order consistent with this opinion.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

---

[2] "Only the most compelling reasons can justify non-disclosure of judicial records," and a party seeking to seal judicial records must show that (1) the judicial records contain information that courts will typically protect and (2) the judicial records, if not sealed, will result in "a clearly defined and serious injury." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305, 307–08 (6th Cir. 2016) (quotations omitted). Mr. Sinks, who does not state the reasons for his request to seal this case in his one-sentence motion, falls well short of making this showing.